UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

DONNA GARLICKI, individually

    Plaintiff,

v.

FIRSTSOURCE ADVANTAGE, LLC.,
a foreign profit corporation,

    Defendant.
_____/

### COMPLAINT

1.    Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").  Simply put, in its telephonic efforts to collect consumer debts from Plaintiff, Defendant failed to disclose the purpose of its call to Plaintiff as well as its identity as a debt collector, both of which are federally mandated requirements of debt collectors pursuant to the FDCPA.

### JURISDICTION

2.    Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337, and pursuant to 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

1

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

## **PARTIES**

3.      Plaintiff, DONNA GARLICKI, is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, FIRSTSOURCE ADVANTAGE, LLC ("Defendant), is a foreign profit corporation primarily operating from offices located a 205 Bryant Woods South, Amherst NY 14228.

5.      Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of consumer debts.

6.      Defendant operation an internet website which has a section titled "Collection Services" where Defendant makes the following statements:

> *Firstsource leverages best in class training and technology in collection services while adhering to regulatory requirements. This helps the team to deliver results that exceed client's expectations. The company's solutions reduce costs, increase profitability and dramatically increases the receivables recovered. Firstsource accounts receivables collections practice ensures:*
>
> - Strict adherence to legal and regulatory issues involving third party collections and debt recovery
> - Increased response rate from delinquent customers
> - Increased inflow of payments helped by a multi-channeled collections strategy
> - Mitigating write-offs by efficient accounts receivables management
> - A broad range of payment recovery, first party and third party collections solutions
> - A strong focus on delivery with a highly qualified operations team
>
>   Source: http://www.firstsource.com/services_collections.html

7. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

8. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> *There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*
>
> *(b) Inadequacy of laws*
> *Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

## FACTUAL ALLEGATIONS

9. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

11. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

12. On or about July 14, 2011, in an effort to collect the aforementioned debt from Plaintiff, Defendant called Plaintiff at her home and left a voicemail message on Plaintiff's telephone answering system.

13. Upon information and belief, Defendant left a similar message on Plaintiff's telephone voicemail system on multiple other occasions in the past year.

14. Plaintiff was able to save the July 14, 2011, voicemail message left by Defendant; a transcript of Defendant's voicemail message to Plaintiff is as follows:

> *"Very important message for Donna Garlicki.  My name is John, and I'm calling from FirstSource Advantage, LLC., return my call at 1 (888) 753-3223 and when calling in refer to reference number 19468792, office is open until 9 PM Eastern Standard Time."*

15. The telephone message is a "communication" as defined by 15 U.S.C. §1692(a)(2). *See Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

16. The voicemail message failed to properly disclose that Defendant is a debt collector in violation of 15 U.S.C. § 1692e(11).  *See Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643 (S.D.N.Y. 2006); *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006);  *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

4

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

17. Defendant failed to disclose the purpose of the communication to Plaintiff, which was to collect a debt from Plaintiff. See generally, *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

18. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *See generally*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

19. Federal Courts have held that the failure to properly identify oneself as a debt collector in a voicemail message left on an answering machine or state that a voicemail message was left as an attempt to collect a debt constituted a valid claim under the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, LLC,* 583 F.Supp.2d 1278 (D. New Mexico 2008); *Edwards v. Niagara Credit Solutions, Inc.*, 2009 U.S. App. LEXIS 22500 (11th Cir. 2009).

### COUNT I
### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

20. Plaintiff incorporates Paragraphs 1 through 19.

21. Defendant's voicemail message failed to disclose to Plaintiff that it was a debt collector in violation of 15 U.S.C § 1692e(11). See *Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d 1322 (S.D. Fla. October 30, 2009) (holding that

5

debt collectors leaving voicemail messages requesting a return phone call on a consumer debt are subject to the requirements of 15 U.S.C § 1692e(11))

**WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a)   Damages;

b)   Attorneys' fees, litigation expenses and costs of the instant suit; and

c)   Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE

22.   Plaintiff incorporates Paragraphs 1 through 19.

23.   Defendant placed telephone calls to Plaintiff, without making meaningful disclosures of its identity when it failed to disclose that it was debt collectors, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).  *See Valencia v. The Affiliated Group, Inc.,* Case No. 07-61381-Civ-Marra/Johnson, (S.D. Fla. September 24, 2008).

6

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

**WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) Damages;

b) Attorneys' fees, litigation expenses and costs of the instant suit;

and

c) Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: June 22, 2012

                Respectfully submitted,

                /s Robert C. Gindel, Jr.
                Robert C. Gindel, Jr.
                Email: robertgindel@robertgindel.com
                Florida Bar No.: 470740
                Robert C. Gindel, Jr., P.A.
                1500 Gateway Boulevard, Suite 220
                Boynton Beach, FL 33426
                Telephone: (561) 649-2344
                Facsimile: (561) 965-8550
                Attorneys for Plaintiff